UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

January 23, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Baicu v. Baker et al.*
      Civil No. 26-202-BAH

Dear Counsel:

I thank the parties for their prompt responses to my letter order issued yesterday, ECF 5, and have thoroughly reviewed them. *See* ECF 6 (Petitioner's response) and ECF 7 (Government's response). Though the filings give me no reason to believe that this case presents anything other than a straightforward question of whether Petitioner should be subject to the mandatory detention scheme of 8 U.S.C. § 1225 or is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework and is thus eligible for bond, the Government's request for additional time to review Petitioner's file is reasonable under the circumstances. Accordingly, I will delay issuing a final order in this case until after 2:00 p.m. today so as to permit the Government a reasonable time period to confirm that Petitioner is currently detained pursuant to 8 U.S.C. § 1225. If I receive no correspondence filed on the docket reflecting otherwise, I will resolve the petition on an expedited basis as indicated below.

As I noted in yesterday's letter order, ECF 5, I recently issued orders in *Ailon-Lopez v. Bondi*, Civ. No. 26-160-BAH, and *Arevalo-Ixam v. Noem*, Civ. No. 26-081-BAH, addressing petitions for habeas relief based on the same § 1225/§ 1226 argument presented here. These orders expressly adopted the reasoning outlined in *Maldonado v. Baker*, Civ. No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), *Hernandez-Lugo v. Bondi*, Civ. No. GLR-25-3434, 2025 WL 3280772 (D. Md. Nov. 25, 2025), and *Afghan v. Noem*, Civ. No. SAG-25-04105, 2025 WL 3713732 (D. Md. Dec. 23, 2025), and granted relief to the petitioners. At the Government's request, *see* ECF 7, at 1, I have reviewed the arguments raised in *Velasquez v. Noem*, No. Civ. No. 25-03215-GLR, ECF 11, and *Villanueva Funes v. Noem*, Civ. No. 25- 03860-TDC, ECF 9. I will construe these arguments as constituting the Government's response to Petitioner's arguments in the case at bar. However, for the reasons noted in the memorandum opinions in *Villanueva* and *Velazquez*, as well as the additional authority cited above and in the petition, ECF 1, I will enter an order granting Petitioner's requested relief.

As to the scope of the remedy, Petitioner seeks an order including language that: 1) compels a bond hearing before an Immigration Judge ("IJ") within fourteen (14) days of the filing of a motion with the Immigration Court; and 2) orders that if Petitioner is not provided with a bond hearing before an IJ within 14 days of filing a motion with the Immigration Court, Petitioner must be released from custody with reasonable conditions, which may include the requirement that Petitioner appear for a bond hearing at an Immigration Court in Maryland. *See* ECF 6 (seeking the identical relief afforded to *Ailon-Lopez*). Noting that it preserves its opposition to all of

*Baicu v. Baker et al.*
Civil No. 26-202-BAH
January 23, 2026
Page 2

Petitioner's arguments, the Government suggests that if the Court is inclined to grant relief, it should end at the ordering of a bond hearing before an IJ.[1]  In support, the Government argues that ordering release is "improper and impractical" and notes that 8 U.S.C. § 1226(a) "does not contemplate release without the government's opportunity to evaluate the detainee's flight risk and danger to the community."  ECF 7, at 2.  The Government notes that in *Miranda v. Garland*, the Fourth Circuit found that process afforded by 8 U.S.C. § 1226(a) does not offend the Fifth Amendment's guarantee of due process and further stressed that "'during the deportation process, [the] government['s] interest includes detention' and that deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'"  *Id.* (quoting 34 F.4th 338, 364 (4th Cir. 2022)).

I have reviewed *Miranda* and am obviously bound by its holding.  However, the Government ignores that even under the language suggested by Petitioner, Petitioner remains detained without any apparent review, a fact that already offends due process as outlined in *Miranda*.[2]  Second, an order with a release "backstop" if process is not afforded within a reasonable time period of fourteen (14) days is consistent with other orders issued by this Court and does nothing more than ensure that the rules outlined in *Miranda* are scrupulously followed.  If the administrative "variables" outlined by the Government in its response, ECF 7, somehow

---

[1] The Government takes this position despite "previously agree[ing]" to the precise language ordering release if IJ review has not occurred in 14 days. *See* ECF 7, at 2 (citing orders in *Arevalo-Ixam v. Noem*, Civ. No. 26-81-BAH, ECF 7, and *Ailon-Lopez v. Bondi*, Civ. No. 26-160-BAH, ECF 8).

[2] *Miranda* expressly held that due process requires that individuals detained under 8 U.S.C. § 1226(a) be provided with "*three* opportunities to seek release from detention," first, before an immigration officer, then before an IJ; and finally, if denied bond by the IJ, through an appeal to the Board of Immigration Appeals ("BIA").  *Maldonado*, 2025 WL 2968042, at *10 (citing *Miranda*, 34 F.4th at 346) (emphasis added).  The record before the Court suggests that the Government has already failed to provide the first of these three required steps, namely an inquiry by an immigration officer.  *See* ECF 1, at 2 (noting that Petitioner is being detained pursuant to "8 U.S.C. § 1225(b)(2)(A) and [is] therefore ineligible to be released on bond").  Thus, since Petitioner has already been denied the opportunity to appear before an immigration officer, Petitioner's current detention already arguably transgresses the boundaries of due process outlined in *Miranda*.  34 F. 4th at 346 (citing 8 C.F.R. § 236.1(c)(8)); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (noting that an "alien may request a bond hearing in front of an immigration judge by filing an application for a change in the alien's detention conditions" after that person has been detained on an initial inquiry by an immigration officer").  This requirement for an immigration officer's review was highlighted by Judge Chuang in ordering relief in *Maldonado v. Baker* that goes beyond what Petitioner requests here.  *See Maldonado*, 2025 WL 2968042, at *12 ("[T]he Court will require that Maldonado be returned to Maryland for the first two steps of detention review pursuant to § 1226(a) and, if necessary, to be detained only in Maryland or a state adjacent to Maryland until the bond hearing is completed.").

*Baicu v. Baker et al.*
Civil No. 26-202-BAH
January 23, 2026
Page 3

prevent the required IJ review within the time period ordered, nothing prevents the Government from seeking a modification of the an order to account for reasonable delay. Finally, I note that despite the language of *Miranda* permitting detention during the process of review afforded under § 1226, the process of removal need not always commence with detention. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 U. S. C. § 1229(a) (noting that "[i]n the ordinary course, if the [Government] discovers that an alien is living in the United States without authorization, it may initiate removal proceedings against the alien by sending him a 'notice to appear'" that "informs the alien of, among other things, the charges against him and the time and place of the hearing at which an immigration judge will determine whether the alien is to be removed"). Thus, release of the Petitioner does not preclude the inquiry into flight risk or danger that the Government seeks; indeed, the Court's order expressly endorses it. *See Ailon-Lopez*, Civ. No. 26-160-BAH, ECF 8 (noting even if released, reasonable conditions may be imposed on Petitioner including a requirement "that Petitioner appear for a bond hearing at an Immigration Court in Maryland"); 8 C.F.R. § 236.1(d) (explaining procedures related to bond appeals whether a noncitizen is in custody or on release).

For these reasons, I will, subject to any update received by 2:00 p.m. today, GRANT the petition and enter an order identical to the one entered in *Ailon-Lopez* (and substantially similar to the one entered in *Arevalo-Ixam*).

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States District Judge