UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

January 23, 2026

LETTER ORDER TO ALL COUNSEL OF RECORD

Re:   *Baicu v. Baker et al.*
      Civil No. 26-202-BAH

Dear Counsel:

I again thank the Government for its timely update in which it notes that Petitioner "was previously encountered and detained by ICE, but released on an Alternative to Detention ('ATD') agreement, and then redetained for ATD violations." ECF 9, at 1. The Government also asks me to "incorporate [its] arguments raised in *Meles v. Noem, et al.*, 25-04302-PX, ECF No. 12." *Id.* I have reviewed those arguments and incorporate them here. However, for the same reasons noted by Judge Xinis in *Meles*, *see* Civ. No. 25-4302-PX, ECF 10, and for the reasons I previously noted in the letter order issued earlier today, ECF 8, I will nonetheless enter the order previously described in that letter order, ECF 8.

To the extent the information provided by the Government means Petitioner is subject to 8 U.S.C. § 1226 but is now detained due to alleged ATD violations, an order may be unnecessary as Petitioner is already entitled to a bond hearing at which an IJ can review whether the revocation of Petitioner's release was appropriate. However, if Petitioner continues to be treated by immigration officials as subject to 8 U.S.C. § 1225, as Petitioner asserts and the Government's response, ECF 9, does not explicitly refute, an order is necessary to clarify that Petitioner must receive a bond hearing conducted under 8 U.S.C. § 1226(a). This was precisely the situation Judge Xinis faced in *Meles,* where she found, by agreement of the parties, that an order was appropriate despite detention allegedly being due to ATD violations. I find the same outcome is warranted here.

In reliance on the reasoning employed in *Maldonado v. Baker*, Civ. No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and joining the "vast majority of federal courts that have recently considered this issue," *id.* at *8, I find that contrary to *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), Petitioner is subject to the discretionary detention provision of 8 U.S.C. § 1226(a), rather than the mandatory detention provision of § 1225(b). I will GRANT the petition and enter separately an order as described in today's letter order, ECF 8. I decline to change the language ordering release if a hearing is not held within fourteen (14) days but again note that the Government is free to seek extensions of that provision for good cause shown.

*Baicu v. Baker et al.*
Civil No. 26-202-BAH
January 23, 2026
Page 2

    Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                      Sincerely,

                        /s/

                      Brendan A. Hurson
                      United States District Judge